IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA OWENS                                                                                    PLAINTIFF

vs.                              CASE NO. **4:06CV573GH**

ALLTEL COMMUNICATIONS, INC., ET AL.                                          DEFENDANTS

**ORDER**

Plaintiff filed this action bringing claims of race and sex discrimination pursuant to Title VII and 42 U.S.C. § 1981, retaliation under Title VII, and outrage under state law. Defendant Greg Tucker has filed a motion to dismiss the claims against him.

Tucker is alleged to be an employee of defendant Alltel. He is alleged to have kicked plaintiff on January 20, 2005.

It is clear that plaintiff's Title VII claims against Tucker must be dismissed. *See Powell v. Yellow Book USA, Inc.*, 445 F. 3d 1074, 1079 (8th Cir. 2006) (Title VII addresses the conduct of employers only and does not impose liability on co-workers).

Under § 1981, plaintiff must have some contractual relationship with Tucker. *See Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002) (" purpose of 42 U.S.C. § 1981 is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'" )*; Lewallen v. Borough of Paulsboro*, 180 F. Supp. 2d 615, 619 (D. N.J. 2002) (section 1981 claim requires a contract and denial of a racial minority's right to make or enforce the contract). She has not alleged one and therefore her claim under § 1981 is hereby dismissed.

To establish a claim under the tort of outrage, "plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should

-1-

have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. " *Crockett v. Essex,* 341 Ark. 558, 563 (2000).    Recently the Arkansas Supreme Court stated: "This court gives a narrow view to the tort of outrage, and requires clear-cut proof to establish the elements in outrage cases.  Merely describing the conduct as outrageous does not make it so.  Clear-cut proof, however, does not mean proof greater than a preponderance of the evidence.  We have taken a strict approach in determining the validity of outrage claims, and recognized that 'the tort of outrage should not and does not open the doors of the courts to every slight insult or indignity one must endure in life.'" *Calvary Christian School, Inc. v. Huffstuttler* , – S.W. 3d–, 2006 WL 1779525 ( Ark. June 9, 2006)(citation omitted).

Courts have found that conduct far more egregious than that alleged by plaintiff was  not sufficient to state a claim for the tort of outrage under Arkansas law.  Thus, in *Shepherd v. Washington County*, 331 Ark. 480 (1998), the court dismissed the outrage claim by the spouse of a victim killed by an inmate where the sheriff ignored the violent nature of the inmate, knew the inmate was an escape risk, but directed the victim, who was not a certified law enforcement officer, and had a history of failing to control inmates, to escort the inmate to a private clinic for medical treatment.    In  *Holloman v. Keadle*, 326 Ark. 168 (1996) , the court  found that an employer's repeated curses, racial slurs, degrading remarks and  threats of violence against plaintiff were not sufficient to state a claim for the tort of outrage . In *City of Green Forest v. Morse,* 316 Ark. 540(1994), the court found that cursing, anger, accusatory questioning, and threats of arrest could not sustain an outrage claim. In *Smith v. American Greetings Corp.* 304 Ark. 596 (1991), the

court dismissed an outrage claim where the plaintiff alleged that he was wrongfully terminated after his shift leader had hit him during a dispute.  In *Webb v. HCA Health Services of Midwest, Inc.*, 300 Ark. 613 (1989), the court found that an employee did not state a claim for the tort of outrage where a physician made derogatory comments, unwarranted complaints, and urged that the employee be terminated.

The Court cannot find that the one incident of Tucker kicking plaintiff is sufficient to meet the standard for the tort of outrage.  One kick, without more, cannot as a matter of law be considered "extreme and outrageous conduct" which goes "beyond all possible bounds of decency."

Accordingly, the motion of Tucker to dismiss is granted.  Tucker is hereby dismissed as a defendant in this action.

IT IS SO ORDERED this 30th day of October, 2006

.                                      _____
                                       UNITED STATES DISTRICT JUDGE