IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA OWENS                                                                                           PLAINTIFF

VS.                                              NO. 4-06CV573 GH

ALLTEL COMMUNICATIONS, INC.                                                          DEFENDANT

**PROTECTIVE ORDER**

On the joint request of Plaintiff and Defendant for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), to govern the disclosure of certain documents or information requested in this litigation and deemed confidential by the producing party, IT IS ORDERED that this Protective Order, including the following definitions, terms, and conditions, issue to govern certain discovery requests of the parties to this litigation:

1.      Definitions:  as used in this Protective Order ("Order"):

(a)     "Person" or "persons" means natural persons, corporations, partnerships, associations, and organizations.  The use of the singular includes the plural and the use of one gender includes all others.

(b)     "Discovery requests" means any discovery interrogatory, deposition, request for production of things or documents or for inspection, or other requests propounded to a party in this litigation pursuant to Fed. R. Civ. P. 26-37 or materials voluntarily submitted pursuant to requests of the parties.

(c)     "Discovery response" means any information, document, or inspection provided, made available, or generated in response to a discovery request.

(d)     "Document" means any device, instrument, artifact, object, or

thing by means of which information may be stored or conveyed, including but not limited to written, printed, typed, recorded, or graphic material of any kind, however produced, reproduced, stored, memorialized, or preserved for subsequent retrieval or access, whether draft or final, original or reproduction, including but not limited to: letters, correspondence, memoranda, notes, memoranda or minutes of meetings, telephone conversations or personal conversations, contracts, agreements, transcripts, reports, photographs, tape or other forms of electronic recordings, drawings, graphs, charts, data processing paper results, printouts or computations, accounts, and things similar to any of the foregoing.

(e) "Information" means the content of any communication of whatever nature and by any means, including but not limited to the factual content of the depositions, communications, conversations, documents, interviews, or statements of the parties or their agents.

(f) "Protected materials" means any document or information, as those terms are defined in Paragraph 1(d) and (e), *supra*, belonging to the parties, marked or otherwise identified as described in Paragraph 2, *infra*, which is not already a matter of public record by virtue of its having been filed unconditionally and not subject to a reservation of privilege or confidentiality with or disclosed to any governmental, quasi-governmental, public, or private agency or organization and which contains the following kinds of information, as that term is defined in Paragraph 1(e), *supra*:

    (i) confidential pricing or cost structures;

    (ii) trade, financial or commercial secrets;

    (iii) private, proprietary commercial or business information;

    (iv) such matters as might be useful to competitors, customers or

potential customers, or persons or entities in a potentially adversarial position with the delivering party to gain business advantages in contract negotiations or business competition; or

    (v)  materials which affect the privacy rights of others.

  2. <u>Labeling of Documents and Identification of Information Covered by this Order</u>:  Each document furnished by the parties that is covered by this Order shall be marked by the parties on the first page thereof with the following legend:  "Confidential - Protective Order."  Any response(s) to an interrogatory or to deposition questions or questions at trial that meets the requirements of paragraph 1(f), *supra*, shall be noted of record as "Confidential - Subject to Protective Order."

  3. <u>Scope of this Order</u>:  Protected materials produced pursuant to this Order shall not be disclosed or used by counsel, or by any other person receiving such materials pursuant to this Order, except for the conduct of this proceeding, and except in accordance with the terms of this Order.  All copies, extracts, or summaries in any form whatever, mechanical, electronic, or otherwise derived or prepared from said documents, are protected by and subject to this Order and shall be used only in accordance with the provisions of this Order.

  4. <u>Disclosure of Discovery Responses</u>:  The recipient of discovery responses shall not disclose any discovery response marked as specified in Paragraph 2, *supra*, or its substance to anyone other than persons designated in this Order or in any manner other than set forth herein.  Except in accordance with the procedures set forth in Paragraph 6, the recipients will not disclose any discovery responses marked as specified in Paragraph 2, *supra*, to any person except the following; provided, however that  the

following persons first shall have received and acknowledged in writing their review of a copy of this Order:

  (a)  counsel of record for the parties to this action, including their associates, law clerks, paralegals, and secretarial and stenographic personnel; and

  (b)  technical experts and their staff who must be consulted by counsel of record.

  5.  <u>Inspection of Documents</u>:  In the event a producing party elects to produce documents for inspection, that party need not legend the documents in advance of the initial inspection.  For purposes of the initial inspection, this Order applies to all documents so produced.  After the inspecting party's selection of specified documents, the producing party shall then legend the first page of every copy of each document it wishes to be protected by this Order as "Confidential - Protective Order" at the time it produces copies to the inspecting party.  With respect to interrogatory responses and responses to deposition questions, it shall be sufficient for counsel to note for the record the confidential nature of the contents of a response either prior to or immediately after the response.

  6.  <u>Disclosure to Unauthorized Parties</u>:

  (a)  In the event that a party wishes to disclose protected materials for the purposes permitted by Paragraph 3 to any person to whom disclosure is not authorized by Paragraph 4, or wishes to object to the assertion by the party in question that information produced pursuant to this Order is entitled to classification as protected materials, such party shall notify opposing counsel in writing of the proposed disclosure in order to resolve disputes as to the disclosure of protected materials or the validity of the claim to protection.

(b)     If the producing party declines to acquiesce in any such disclosure, or to agree that the information should not be classified as protected materials, the party proposing such disclosure or contesting the validity of the claim of protection shall make written application to the Court for a ruling that such protected material either may be further disclosed, or should not be entitled to the benefit of a Protective Order.  Such application shall state with specificity the protected materials toward which such application is directed and the grounds upon which disclosure is sought or the contest of the validity of the claim of protection is based.  Any such application shall be served on counsel for the producing party at that time.  The producing party shall be allowed a reasonable opportunity, but no less than ten (10) days from the date of service, either to agree affirmatively to a ruling that the information or documents are not subject to this Protective Order, or prior to a ruling by the Court, to present a written response relating to the continued need to protect such material under this Order.

7.     <u>Use of Protected Materials in Depositions</u>:   If depositions involve designated protected materials, portions of depositions involving designated protected material will be taken "in camera" with no one present except persons or attorneys qualified to receive such protected material, the reporter, and the deponent.  Any testimony regarding such designated protected material, including copies, shall be marked and treated in the same manner as documents and their contents designated "Confidential - Protective Order."  If such testimony or any exhibits thereto that are designated "Confidential - Protective Order" are filed with the Court, they shall be filed under seal, marked with reference to this Order, and not opened or viewed by anyone except court personnel,  except upon order of this court.  All deposition exhibits that are designated

"Confidential - Protective Order" shall be sealed by the court reporter and shall not be reproduced except in accordance with the terms of this Protective Order.

8. <u>Filing Protected Materials Under Seal</u>: All protected materials filed with the United States District Court for the Eastern District of Arkansas or any other judicial or administrative body, in support of or as a part of a motion or other pleading, shall be filed with the Clerk under seal and shall not be opened except upon order of this Court.

9. <u>Use of Protective Material at Trial</u>:  No less than fifteen (15) days prior to any hearing in this matter or to the trial, each party shall notify counsel for the other parties in writing of which protected materials, if any, it intends to use at trial, to the extent that such determination can reasonably be made in advance of trial.  At such time, the party requesting protection shall notify the Court, in writing, of the items or documents it requests to be protected.  The parties, after negotiation among themselves, shall present a stipulated additional Protective Order to the Court, no later than three (3) days prior to the trial,  to govern how protected materials shall be entered into the record or otherwise used at trial.   If the parties are unable to agree, they shall submit separate proposed Protective Orders to the Court no later than three (3) days prior to trial.

10. <u>Work Product Regarding Protected Materials</u>: If protected material is copied or digested, abstracted, quoted, or referred to in any work product, such work product shall be marked as soon as possible to reflect the appropriate designation of "Confidential - Protective Order."  Work product covered by this paragraph shall become protected material immediately upon its creation, whether or not it has been properly marked in accordance with this paragraph.  Any pleadings, briefs, appendices, or exhibits created for submission to the Court shall be work product within this rule.

11.     Sanctions for Release of Protected Materials:   The attorney for the party requesting material shall be responsible for safeguarding all confidential information disclosed under this Order.  Any person to whom disclosure or inspection is made shall be bound by the terms of this Order.  Any person by whom disclosure or inspection is made in violation of this Order may be subject to sanctions imposed by the Court for such violation, including, but not limited to, the assessment of money damages.

12.     No Waiver of Rights:  Neither the taking of any action in accordance with the provisions of this Order nor the failure to bring to the Court's attention violations of this Order shall be interpreted as a waiver of any claim or defense in this litigation.  Entry of this Order shall not be interpreted as a waiver of any right to object to the furnishing of information in response to discovery requests.  To the extent that the parties inadvertently disclose privileged documents or information in response to any discovery request or in accordance with this Order, that disclosure shall not constitute a waiver of any privilege or a waiver of any party's rights to prevent or to seek sanctions or damages for subsequent disclosure to others or to prevent disclosure at the trial of this action.  Failure to label discovery responses pursuant to Paragraph 2 shall not be interpreted as a waiver of any claim or privilege and shall not preclude the filing of a motion at a later date seeking to protect such discovery responses under this Order.

13.     Duration of Order.  This Order shall remain in full force and effect and survive the entry of any order by the Court resulting in the termination of this action, unless this Order is expressly modified or vacated by the Court upon notice to all parties and after an opportunity for a hearing.  Upon final disposition of all claims and defenses, by settlement or by final non-appealable order, the parties shall have sixty (60) days to

arrange for the return of all materials subject to this Order. This Court shall retain jurisdiction over all persons subject to this Order for the limited purposes of enforcing such return and of enforcing the continuing obligations of confidentiality imposed by this Order.

      14.    <u>Modification of Amendments</u>.  This Order is without prejudice as to the right of any party to seek modification or amendment of this Order by further order of this Court upon motion and notice.

 

_____
U.S. DISTRICT JUDGE

     November 9, 2006
DATE

APPROVED AS TO FORM AND CONTENT:

/s/**Philip E. Kaplan**
Bar Number 68026
Attorney for Defendant Alltel Communications, Inc.
Kaplan, Brewer, Maxey & Haralson, P.A.
415 Main Street
Little Rock, AR 72201
(501) 372-0400
e-mail address pkaplan@kbmlaw.net

\s\John W. Walker
Bar Number 64046
Attorney for Plaintiff Angela Owens
1723 Broadway
Little Rock, AR 72206
(501) 374-3758
e-mail address johnwalkeratty@aol.com

EXHIBIT A

**<u>UNDERTAKING</u>**

The undersigned has read the annexed protective order, understands its contents, and hereby undertakes to make no disclosures of any confidential information, as that term is defined in the annexed protective order, to any person who is not permitted to have access to such confidential information by the protective order.  In addition, the undersigned agrees not to use such confidential information for any purpose whatsoever other than in connection with this action.  The undersigned agrees either to return all confidential information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the confidential information, or to destroy all copies of all confidential information, including any notes or other transcriptions made therefrom, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

DATE: _____

NAME: (print)_____

SIGNATURE: _____