IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA OWENS    PLAINTIFF

vs.                    CASE NO. **4:06CV573GH**

ALLTEL COMMUNICATIONS, INC., ET AL.    DEFENDANTS

**ORDER**

Plaintiff filed this action bringing claims of race and sex discrimination pursuant to Title VII and 42 U.S.C. § 1981, retaliation under Title VII, and the torts of outrage and negligent supervision under state law. The outrage claim was dismissed as to defendant Tucker by Order entered October 30, 2006.

Defendant Alltel has filed a motion for summary judgment with regard to the tort of outrage and negligent supervision claims against it. Alltel contends that the exclusivity provision of the Arkansas Worker's Compensation Act precludes plaintiff's negligent supervision claim.

Plaintiff alleges in her complaint that on January 20, 2005, she was kicked by Tucker, an employee of defendant Alltel. In paragraph 19 of her complaint, plaintiff contends that she suffered emotional distress based on Tucker's action. She further contends that "Alltel's failure to take immediate and appropriate action in response to Plaintiff's complaint of a physical kick by . . . Tucker caused plaintiff . . . emotional distress."

In paragraph 20 of the complaint, plantiff alleges that "Alltel has a duty to adequately supervise employees. Defendant Alltel breached that duty by allowing . . . Tucker to kick her. Defendant Alltel's negligence caused the platiniff to suffer emotional distress."

-1-

Around February 11, 2005 plaintiff made a worker's compensation claim based on the January 20th incident.  She received compensation for medical treatment through the worker's compensation carrier.

"The general rule is that an injured employee's right to recover for job-related injuries is exclusively under the Workers' Compensation Act. However, when the employee is able to show actual, specific and deliberate intent by the employer to injure him, he may avoid the exclusive remedy under the Workers' Compensation law and proceed in a common law tort action." *Sontag v. Orbit Valve Co., Inc.*,  283 Ark. 191, 194 (1984).  Significantly, the court in *Sontag* then stated:

> Whenever an employee is injured by the willful and malicious acts of his employer he may treat the acts of the employer as a breach of the employer-employee relationship and seek full damages in a common law action. However, he must elect one or the other . . . An election once made and pursued to recovery prevents a subsequent claim to the other type of relief.

*Id.*

Thus, the employee can purpose her claim for damages either in tort or under the Workers' Compensation Act.  However, once the employee makes that election, she may not later avail herself of the remedy not chose. *Western Waste Indus. v. Purifoy*, 326 Ark. 235, 259 (1996). *See also Gourley v. Crossett Pub. Sch.*, 333 Ark. 178 (1998)(plaintiff's claim for intentional tort of outrage barred by doctrine of election of remedies because plaintiff had previously pursued workers' compensation benefits for same injuries).

The case relied upon by plaintiff is inapposite.  There is no doubt that plaintiff's discrimination claim under Title VII is not barred by the Worker's Compensation Act. *Davis v. Dillmeier Enterprises, Inc.*, 330 Ark. 545 (1997).  The court in *Davis*, however, distinguished between the actual workplace physical injury and the subsequent "injury" the plaintiff sustained arising from the employer's alleged handicap discrimination.  The

court noted that the injuries were of a different nature, arose at different times in the plaintiff's work history, and required different causal factors.

Here, plaintiff's claim for damages arises out of the January 20, 2005 incident involving her co-worker. She elected to pursue worker's compensation benefits for damages sustained. Having elected that remedy, she is barred from pursuing a common law tort action against Alltel.

According, the motion for summary judgment on the pendent state claims is granted.

IT IS SO ORDERED this 22nd day of January, 2007

.  _____
UNITED STATES DISTRICT JUDGE